**STATE of Maine**

v.

**Joseph CORBIN, Jr.**

Supreme Judicial Court of Maine.

Argued May 7, 1980.

Decided Sept. 10, 1980.

John McElwee, Dist. Atty., Brian E. Swales (orally), Asst. Dist. Atty., Houlton, for plaintiff.

Jordan & Goodridge by Donald H. Goodridge (orally), Houlton, for defendant.

Before McKUSICK, C. J., GODFREY, NICHOLS, GLASSMAN and ROBERTS, JJ., and ARCHIBALD, A. R. J.

GLASSMAN, Justice.

The defendant, Joseph Corbin, Jr., appeals from a judgment of conviction of burglary, 17–A M.R.S.A. § 401, entered in the Superior Court, Aroostook County, on May 1, 1979, following a jury verdict. The defendant raises four alleged errors on this appeal: (1) the failure to suppress evidence,

(2) the admission of evidence without a proper foundation, (3) the failure to instruct the jury on the weight to be given an exhibit, and (4) the insufficiency of the evidence. We affirm the judgment.

I

On April 14, 1978, officers of the local and state police conducted a search of the defendant's residence pursuant to a search warrant issued the same day by a complaint justice. The warrant had been issued on the basis of an affidavit signed by Detective Ricky Thibodeau of the Caribou Police Department. In that affidavit, Detective Thibodeau stated that he had investigated a burglary at a body shop in Caribou owned by Mr. Beaulieu on February 27, 1978 and Mr. Beaulieu had informed him that among the items taken was "One Chicago Pheumatic [sic] Electric Grinder with polished white metal and black handles." The affidavit further related that one Terry Pelkey, who claimed to have participated in the burglary with the defendant, had seen the grinder at the home of the defendant. According to the affidavit, Pelkey described the grinder as "polished aluminum in color with black handles." The affidavit further related that Terry Pelkey had seen this grinder in the cellar of the defendant's residence on April 14, 1978. The warrant pursuant to which the search was conducted enumerated certain property to be searched for and seized including "One Chicago Pheumatic [sic] Electric Grinder."

When the officer entered the defendant's residence, he went directly to the cellar where, among other items, he located a grinder. Being unable to locate the name "Chicago pneumatic" on the item, the officer called one of the victim's employees to come down and take a look at it. Joe Robinson, an employee of the victim, came to the defendant's home and identified the grinder. The officer then seized it and listed it on the inventory as one "Disc Sander." The officer testified that "a Chicago pneumatic electric grinder and a disc grinder to [him] meant the same thing." In denying the motion to suppress the evidence, the court below ruled that the description in the warrant was generic and that the "Chicago pneumatic electric grinder" and the "disc sander" were one and the same item.

The defendant notes that the fourth amendment to the United States Constitution, U.S.Const. amend. IV, made applicable to the states through the fourteenth amendment, U.S.Const. amend. XIV, requires that warrants must "particularly" describe the items to be seized. This requirement of particularity prohibits general searches and also prevents the unauthorized seizure of property under the mistaken belief that it falls within the authorization of the warrant. *Marron v. United States*, 275 U.S. 192, 196, 48 S.Ct. 74, 76, 72 L.Ed. 231 (1927); *see State v. Thornton*, Me., 414 A.2d 229, 232 (1980).

Here we had a general description in the warrant of the item to be seized. The affidavit, expressly attached and referred to in the warrant, provided a more detailed description. The officer was entitled to refer to the attached affidavit to provide the detail lacking in the warrant. *See United States v. Johnson*, 541 F.2d 1311, 1315–16 (8th Cir. 1976); *United States v. Thompson*, 495 F.2d 165, 170 (D.C. Cir. 1974). The officer having found property that he believed met the description in the warrant and attached affidavit had the item examined by an employee of the victim to make certain it was the same one referred to in the warrant. The affidavit and the warrant, when read together, provided sufficient detail to satisfy the particularity requirement of the fourth amendment. *See generally* 2 W. LaFave, *Search and Seizure* § 4.6(c) (1978).

II

At trial, the defendant objected to the admission of the grinder into evidence on the ground of insufficient foundation. M.R.Evid. 901(a) provides: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what

its proponent claims." The requirements of that rule were adequately fulfilled. The State claimed that the grinder introduced was the one stolen. The grinder was identified by the victim of the burglary, Mr. Beaulieu, and by his former employee, Lewis Campbell. There was also testimony establishing that this particular grinder was the one seized from the defendant's residence. The grinder was properly admitted into evidence.

### III

The defendant complains of the failure of the court to instruct the jury on the weight to be given the grinder. It is difficult to assess the significance of this contention since no proposed instruction was submitted to the court nor was there any objection to the court's instructions noted on the record. *See* M.R.Crim.P. 30(b). Moreover, the defendant does not here state what it is he would have had the presiding Justice instruct the jury. The court did not instruct the jury in terms of 17–A M.R.S.A. § 361(2), the inference to be drawn from exclusive possession of recently stolen goods, and we are frankly at a loss as to precisely what form of instruction the defendant claims was necessary. In any event, we have reviewed the charge of the presiding Justice and have found it to be without error.

### IV

The defendant asserts that the verdict is against the weight of the evidence. Yet, the defendant concedes in his brief that the dispute is essentially one of credibility between the testimony of the defendant and the testimony of the accomplice–informant, Terry Pelkey. The jury was fully justified in resolving the conflict in favor of the testimony of Terry Pelkey. We are unable to say that " 'no rational trier of fact could [find] proof of guilt beyond a reasonable doubt.' " *State v. Lagasse*, Me., 410 A.2d 537, 542 (1980), *quoting Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 2792, 61 L.Ed.2d 560 (1979).

The entry is:

Judgment of conviction affirmed.

All concurring.